**Jerome J. BOSKEN, Plaintiff,**

**v.**

**UNITED STATES of America and James A. Baker, III, Defendants.**

**Civ. A. No. 91–3209.**

United States District Court, District of Columbia.

July 16, 1992.

Bridget R. Mugane, Washington, D.C., for plaintiff.

Diane M. Sullivan, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This case comes before the Court on Plaintiff's Motion for Judgment on the Pleadings and the Defendant's Cross Motion to Affirm the Decision of the Foreign Service Grievance Board. Because the Foreign Service Grievance Board's ("Board") denial of Plaintiff's grievance was not arbitrary or capricious or in violation of law, 5 U.S.C. § 706(2), that decision must be affirmed by this Court. Therefore, Plaintiff's Complaint will be dismissed.

### FACTUAL BACKGROUND

After a review of the record in this case, the facts set out in the decision of the Board appear substantially supported and largely undisputed. *See* P. Motion at Exhibit 1. A brief restatement of the material facts is as follows. In the summer of 1984 Plaintiff Jerome Bosken was serving a limited appointment in the Agency for International Development ("AID") as science and technology officer in Jakarta, Indonesia. Plaintiff was employed at the 01 level by AID. In July, 1984 Plaintiff discussed with Department of State officials the possibility of moving to that agency and filling a State Department position in Seoul, Korea as a science attache. Bosken decided to pursue this path and took the formal step of applying for an appointment to the State Department's Senior Foreign Service career candidate program ("SFS") on July 9, 1984.

State Department SFS positions are highly coveted and given to very few of the many highly qualified State Department employees. It is rare that even experienced State Department employees, much less new ones, are accorded SFS status. Therefore, the regulations provide that "[b]efore an application can be processed, the Director of Personnel of the foreign affairs agency must certify that there is a need for the applicant as a Senior Career Candidate." *See* 3 FAM 122.3–2. In that vein, Mr. Andre Navez, the acting Chief of Recruitment for the Board of Examiners of the Foreign Service ("BEX"), sent a letter to Arthur Tienken, the Director of the Office of Foreign Service Career Development and Assignments, asking his opinion on whether a certification of need could be made for the Plaintiff at either the FE–OC (SFS) or the FP–1 levels. Tienken responded in writing that he thought a certification could be made at both levels. Navez, however, disagreed. He believed that a need could only be certified for the Plaintiff at the FP–1 level, not the FE–OC level. As a result, no certification of need ever issued for Mr. Bosken at the SFS level.

The BEX did, however, prepare a report on the Plaintiff's application for the category "Science Attache" at the grade FP–1. On March 29, 1985 the Qualification Evaluation Panel ("QEP") gave the Plaintiff a passing score and after passing his oral examination, Plaintiff was appointed to an FP–1 position in August, 1985. Based on his performance in Seoul, Plaintiff was eventually promoted to an SFS position.

This controversy revolves around Plaintiff's Grievance that he should have been appointed to an SFS position upon his joining the State Department and not some years later when he actually received the appointment. Plaintiff's Grievance was denied on July 3, 1991. Despite his current SFS status, Plaintiff seeks retroactive benefits from the date of his original application until he was promoted to his current SFS position.

### DISCUSSION

It is helpful to begin by noting what issues are not before this Court. In his grievance before the Board Plaintiff argued that he was contractually entitled to the SFS job and that the Department had committed a breach of contract by appointing him only to the FP–1 level. The Board rejected that contention and Plaintiff has explicitly abandoned it in his complaint. Therefore, this Court need not review the finding of the Board that there was no breach of contract on the part of the Department.

Plaintiff's only claim before this Court is that the Department did not properly process his application according to the applicable regulations. He claims that his application should have been fully processed for an SFS position and that his qualifications entitled him to receive an SFS appointment immediately upon joining the State Department. This Court must affirm the Board's decision that Plaintiff's claim is without merit.

In reviewing a decision of the Foreign Service Grievance Board this Court must afford great deference to Board's decision. *See U.S. v. Paddack*, 825 F.2d 504, 514 (D.C.Cir.1987). Because of the Board's expertise in applying these personnel regulations to the fact patterns which routinely come before it, this Court can only overturn the decision of the Board if it is arbitrary or capricious. *See id.* at 513–514; *F.T.C. v. Indiana Federation of Dentists*, 476 U.S. 447, 454, 106 S.Ct. 2009, 2015–2016, 90 L.Ed.2d 445 (1986). This Court cannot second guess the Board's determination or substitute its own judgment for that of the Board.

Plaintiff claims that because he applied for an SFS position, his application could not legally have been processed for a job at the lower FP–1 level. Under Plaintiff's interpretation of the regulations, every person entering the State Department would be entitled to be appointed to the highest position for which they were qualified. That reading, however, comports with neither the letter nor the spirit of 3 FAM 122.3 or 122.4., the regulations at issue in this case.

First, there was never a need certified for Plaintiff at the SFS level. The regulations clearly provide that a need must be properly certified at the SFS level "before an application can be processed." 3 FAM 122.3–2(c). The purpose of such a requirement is to allow the Department to make a screening of its need for an applicant at the SFS level before it invests the time and money in processing an application. In this case there was never a need certified for Plaintiff at the SFS level. Therefore, it would have been improper to process his

application at that level. On the other hand, there was a need certified for Plaintiff at the FP–1 level. Therefore his application was correctly processed for an FP–1 position.

The decision as to whether to certify the need for an applicant at the SFS level is left to the discretion of the Department. SFS positions are highly sought after and they are very competitive. Many Department employees with outstanding records never attain SFS status. Therefore, the statute and regulations permit the Department to consider a wide variety of factors in determining whether to certify a need for an applicant at the SFS level. First, the regulations set out relevant factors about the particular applicant, including his educational background, work experience and other skills. 3 FAM 122.3–2(c).

In deciding whether to certify a need for a particular candidate at the SFS level, the Department is obligated to consider factors other than the qualifications of the one applicant involved. The very existence of these factors indicates that every qualified applicant cannot immediately be afforded SFS status.

In this case, Plaintiff was a highly qualified scientist. However, he had no prior State Department experience. It was certainly reasonable for the Department to appoint Plaintiff to the FP–1 level for an initial period as opposed to immediately bringing him on at the SFS level. Indeed, the statute provides that the Department "shall" consider the "flow of talent upward through the ranks and into the Senior Foreign Service." § 601(c)(2)(C). The governing regulation also begins with the statement that "[c]areer officers at the Senior Level normally shall be appointed as the result promotion of Mid–Level career officers." 3 FAM 122.3–1(a). Plaintiff was eventually moved up to the SFS level through this process. Even in this, the age of the 'entitlement,' not everyone who aspires to the position of his choice automatically is entitled to that position. An employer, even the government, still has some hiring discretion.

What is particularly peculiar about Plaintiff's position is that only after he voluntarily accepted the lesser position did he mount this challenge to obtain SFS status. Under the circumstances of this case, the Court believes that whatever 'entitlement' rights Plaintiff might have had, he waived them when he accepted the FP–1 position.

Thus, the Department was reasonable in its decision not to certify a need for Plaintiff at the SFS level immediately upon his joining the State Department. Because the decision of the Board was not arbitrary or capricious or in violation of law, that decision must be affirmed.

A separate Order accompanies this opinion.

## ORDER

Upon consideration of the Defendants' Motion to Affirm the Decision of the Foreign Service Grievance Board, the Plaintiff's Motion for Judgment on the Pleadings, the oppositions thereto, and the entire record in the above-captioned matter it is this 17 day of July, 1992 hereby

ORDERED that Plaintiff's Motion for Judgment on the Pleadings is DENIED and it is

FURTHER ORDERED that the Defendants' Motion to Affirm the decision of the Foreign Service Grievance Board is GRANTED and it is

FURTHER ORDERED that this case is DISMISSED in its entirety.