**Felix S. BLOCH, Plaintiff,**

v.

**Madeleine K. ALBRIGHT, Secretary of State, Defendant.**

**No. Civ.A.98–301(RMU).**

United States District Court, District of Columbia.

March 23, 1999.

Michael Jeffrey Kator, Kator, Scott & Parks, Washington, DC, William Saad Aramony, Alexandria, VA, for Felix S. Bloch, plaintiff.

Raphael O Gomez, U.S. Department of Justice, Washington, DC, Susan Kay Rudy, U.S. Department of Justice, Washington, DC, for Madeleine K. Albright, Secretary of State, defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

### Remanding to Foreign Service Grievance Board for Further Review

The above captioned case was brought by the plaintiff, Felix S. Bloch, pursuant to the Foreign Service Act of 1980, 22 U.S.C. §§ 4131–4140. Mr. Bloch seeks judicial review of a final decision of the Foreign Service Grievance Board ("Board"), which was established to resolve grievances filed by employees of the United States Department of State ("Department of State"). The matter is currently before the court on cross motions for summary judgment.

## I. BACKGROUND

On November 28, 1958, Felix Bloch began his employment as a Foreign Service Officer with the Department of State. In 1989 and thereafter, Mr. Bloch was accused of questionable activities involving national security. Mr. Bloch was never convicted or charged with any criminal misconduct. Pursuant to 5 U.S.C. § 7532(a), which authorizes the head of an agency to suspend an employee when "necessary in the interests of national security," the Department of State suspended Mr. Bloch without pay on February 7, 1990, and issued a proposed removal action. By letter dated July 3, 1990, Mr. Bloch proffered his resignation to the Department of State and submitted an application for retirement. On July 5, 1990, he withdrew his request for a hearing on his proposed removal.

On July 18, 1990, the Department of State informed Mr. Bloch that his offer to resign was being taken under advisement. On November 5, 1990, the Department of State removed Mr. Bloch from its employment pursuant to 5 U.S.C. § 7532, stating that " 'credible and persuasive evidence' supported the charges against him." (Def.'s Mot. for Summ.J. at 3 (quoting Record of Proceedings at 136).)

In 1991, Mr. Bloch renewed his July 1990 request for retirement and challenged the Department of State's authority to deny him retirement benefits. By letter dated April 2, 1992, the Department of State denied Mr. Bloch's retirement application claiming that it had "declined to consent" to his voluntary retirement. (See Pl.'s Opp'n to Def.'s Mot. for Summ.J. at 5.) On August 7, 1992, Mr. Bloch submitted an application for a refund of his mandatory retirement contributions on a form provided to him by the Department of State. The form stated that "[i]f you have five or more years of Federal civilian service you may be entitled to an annuity which will be forfeited by payment of this refund." (Record of Proceedings at 117.) The form was apparently designed for employees who had not yet met the age and length of service requirements for retirement, and not for employees who had already become eligible for retirement. Thereafter, in October 1992, the Department of State refunded Mr. Bloch's mandatory contributions in the amount of $76,256.97, including interest.

On March 27, 1995, Mr. Bloch filed a grievance with the Board challenging the Department of State's April 2, 1992 decision to deny his retirement application. On February 20, 1996, the Board denied

the grievance stating that the Secretary's withholding of consent for Mr. Bloch's retirement was determinative and that the withholding was proper because Mr. Bloch had been removed under 5 U.S.C. § 7532 for national security reasons. The Board further stated that Mr. Bloch had forfeited any claim to an annuity when he withdrew his mandatory contributions in 1992. (*See* Record of Proceedings at 19, 82–87.)

On April 18, 1996, Mr. Bloch filed an appeal with the Board. On January 15, 1997, the Board held that Mr. Bloch's "waiver and forfeiture of any entitlement to an annuity was unambiguous, valid, and binding." (Record of Proceedings at 30.) On July 8, 1997, Mr. Bloch filed a request for reconsideration of the Board's decision, which was denied on August 14, 1997. Consequently, Mr. Bloch filed a complaint in this court to obtain judicial review of the Board's decision.

## II. LEGAL STANDARD

### A. Summary Judgment

Both parties to this action have filed motions for summary judgment. Summary judgment is appropriate upon a finding that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The substantive law upon which a claim rests determines which facts are "material." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a fact bears upon an essential element of the legal claim, then it is material; otherwise, it is not. *See id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Only disputes over facts that can establish an element of the claim, and thus might affect its ultimate resolution, can create a "genuine issue" sufficient to preclude summary judgment. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

To prevail on a motion for summary judgment, the moving party bears the burden of establishing that there are no genuine issues of material fact and that the nonmoving party has failed to offer sufficient evidence to support a valid legal claim. *See Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. In ruling on the motion, the court must accept the evidence of the nonmoving party as true and must draw all justifiable inferences in favor of the nonmoving party. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. It is not sufficient, however, for the nonmoving party to establish "the mere existence of a scintilla of evidence in support of the [nonmoving party's] position ...; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252, 106 S.Ct. 2505. If the evidence in favor of the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505 (internal citations omitted). Having determined that there are no genuine issues of material fact in this case and viewing the facts in a light most favorable to the defendant, the court concludes that this case should be remanded to the Foreign Service Grievance Board for further review.

### B. The Foreign Service Act and the Administrative Procedure Act

The Foreign Service Act of 1980 states that "[a]ny aggrieved party may obtain judicial review of a final action of the Secretary or the Board on any grievance in the district courts of the United States." 22 U.S.C. § 4140. The jurisdictional review provision of the Foreign Service Act of 1980 incorporates the review standards of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, which states that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, ... not in accordance with law" or "in excess of statutory ... authority, or limitations, or short of statutory rights." 5

U.S.C. § 706(2)(A), (D). In reviewing a decision of the Board this court must afford great deference to the Board's decision. *See United States v. Paddack*, 825 F.2d 504, 514 (D.C.Cir.1987). Additionally "this court cannot second guess the Board's determination or substitute its own judgment for that of the Board." *Bosken v. United States*, 796 F.Supp. 28, 30 (D.D.C.1992).

## III. DISCUSSION

■ In his motion for summary judgment, Mr. Bloch argues that the Board erred when it bypassed the question of his entitlement to an annuity and, instead, chose to limit its review to the question of whether any such entitlement was waived. Mr. Bloch contends that it was necessary for the Board to address both questions because "the effect of Bloch's 'waiver' cannot be gauged without knowing whether Bloch was entitled to an immediate annuity." (Pl.'s Opp'n to Def.'s Mot. for Summ.J. at 3.)

Two issues were raised before the Board during its adjudication of Mr. Bloch's complaint: whether he (1) was entitled to an annuity; and (2) made an informed intentional decision to waive any entitlement he may have had to an annuity. The Board, however, concluded that the issue of whether or not Mr. Bloch was entitled to an annuity was not essential to its decision and only resolved the issue of waiver. In measuring the validity of Mr. Bloch's waiver, the Board considered Mr. Bloch's personal experience as well as the circumstances surrounding the waiver. Specifically, the Board noted that the document signed by Mr. Bloch "gave him clear notice that a refund would forfeit any entitlement to an annuity" and that Mr. Bloch "was an experienced, very senior officer, and there is no reason to believe he could not make competent, informed choices." (Record of Proceedings at 29–30.) The Board thus concluded that Mr. Bloch "made an informed, intentional decision to abandon any right he might have to

an annuity." (Record of Proceedings at 30.) Having ruled that Mr. Bloch's waiver was informed and that he was competent to make such a waiver, the Board ended its inquiry without considering the lawfulness of such a waiver. Accordingly, the Board left unresolved the issue of whether or not Mr. Bloch was entitled to an annuity in the first place.

The Board's ruling was arbitrary and capricious because its conclusion with respect to the waiver issue was analytically flawed Even if Mr. Bloch's waiver was informed and intentional, it is still necessary to determine whether the waiver was lawful. Waivers that are forbidden by law, e.g., by statute or regulation, are not enforceable. *Cf. Federal Deposit Insurance Corp. v. Barrera*, 595 F.Supp. 894, 902 (D.P.R.1984) (stating that the waiver at issue was invalid because it went "against the specific language of the Civil Code of Puerto Rico" and "waiver provisions like the above are against public policy as established in the Civil Code, and as such, out of reach of the obligations that can be created by private parties in contract"). In the instant case, the Board found that Mr. Bloch's waiver was "informed" and "intentional" and then leapt to the conclusion that it was therefore "valid" and "binding." (*See* Record of Proceedings at 30.) Missing from the Board's analysis, however, is any discussion regarding whether the waiver, albeit informed and intentional, was lawful. Only upon concluding that Mr. Bloch was not prohibited by law from waiving his entitlement to an annuity could the Board have correctly ruled that the waiver was valid and binding.

Mr. Bloch argues essentially that his waiver was unlawful because it was made in contravention of a federal statute, namely 22 U.S.C. § 4055, which states in relevant part that a "participant is entitled to be paid a lump-sum credit *if the participant ... will not become eligible to receive an annuity under this part within 31 days after filing the application.*" 22 U.S.C.

§ 4055(a)(1)(D) (emphasis added). Mr. Bloch contends that, absent some other statutory provision allowing the Department of State to refund the mandatory contributions made by a participant who is eligible to receive an annuity within 31 days after filing an application, 22 U.S.C. § 4055(a)(1)(D) operates to prohibit such a refund. Without expressing an opinion as to the merit of this argument, this court concludes that it is an argument that the Board should have addressed before reaching its conclusion that Mr. Bloch's waiver was valid and binding. Because the Board failed to address the argument, and therefore failed to determine whether or not Mr. Bloch was prohibited by law from waiving any entitlement he may have had to an annuity, the court rules that the Board's decision was arbitrary and capricious. Accordingly, the court will remand this case to the Foreign Service Grievance Board for further review.

## IV. CONCLUSION

The court rules that the plaintiff in this action, Felix S. Bloch, has met his burden of showing that the Federal Service Grievance Board's decision was "arbitrary, capricious, ... not in accordance with law" or "in excess of statutory ... authority, or limitations, or short of statutory rights." 5 U.S.C. § 706(2)(A) and (D). Accordingly, the case will be remanded to the Board for reconsideration of Mr. Bloch's appeal in a manner consistent with this Memorandum Opinion.